# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER M. STONE,** | : | **CIVIL NO. 1:15-CV-1751** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **JOHN WETZEL, GERALD MCMAHON, BOBBI JO SALAMON, TAMMY FERGUSON, GRICC, ROBERT M. LEWIS, EXECUTIVE DEPUTY SECRETARY CENTRAL REGION,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff, Christopher M. Stone ("plaintiff"), an inmate currently confined at the State Correctional Institution, Benner Township, in Bellefonte, Pennsylvania, ("SCI-Benner Township"), filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). He seeks to proceed *in forma pauperis*. (Doc. 2). Preliminary review of the complaint reveals that plaintiff includes unrelated claims against numerous individuals employed by the Department of Corrections. Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rules of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

## I. Applicable Rules of Pleading

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 at 371-72 (1986).

## II. Discussion

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20. He brings this civil action against various individuals alleging violations of his constitutional rights under the First, Eighth, and Fourteenth Amendments. (Doc. 1). The claims, which allegedly arose between the dates of December, 2014, and April, 2015, concern a number of unrelated separate transactions or occurrences or series of transactions or occurrences against various defendants and do not involve an issue of law or fact common to all defendants.

Initially, Plaintiff alleges that during a cell search, a shank was found in his cellmate's property, and an investigation ensued. (Id. at 3). Plaintiff and his cellmate were both accused of making and possessing the shank, and both were placed in the restricted housing unit ("RHU"). (Id.) Plaintiff then alleges that he was investigated for the sexual assault and rape of his cellmate, and the investigation into this sexual assault violated his due process rights. (Id. at 3-5, 11). Plaintiff proceeds to set forth numerous claims regarding his prolonged placement in the RHU, the conditions of confinement in the RHU, alleged inadequate food, inadequate medical treatment, and denial of his right to practice religion. (Id. at 8-13). Additionally, plaintiff sets forth claims regarding dissatisfaction with hearings held before the chief hearing examiner. (Id. at 6-9).

While plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992). Additionally, plaintiff must properly name each defendant. Failure to do so may result in dismissal of that defendant pursuant to Federal Rule of Civil Procedure 4(m).

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a

plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.

**III.　Conclusion**

Although plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20, he will be afforded the opportunity to amend his complaint. To the extent that he believes that he has been subjected to more than one violation of his rights, and inasmuch as these violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.

An appropriate order will issue.

    /S/ C<small>HRISTOPHER</small> C. C<small>ONNER</small>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania